**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOSE PARRA,                              )
                          Petitioner,    )
                  v.                     )     **C.A. No. 05-321 Erie**
                                         )     **District Judge McLaughlin**
U.S. PAROLE COMMISSION, et al.,          )     **Magistrate Judge Baxter**
                          Respondent.    )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.        RECOMMENDATION**

_____It is respectfully recommended that Petitioner's "Motion prohibiting Bureau of Prisons

from transferring him until final disposition of petition for writ of habeas corpus" [Document #

7] be denied.

**II.      REPORT**

        On October 27, 2005, Petitioner, Jose Parra, an inmate currently incarcerated at the

Federal Correctional Institution at McKean, filed the instant petition for writ of habeas corpus

        On November 15, 2005, Petitioner filed a motion for injunctive relief requesting that he

not be transferred from FCI-McKean[1] until his petition for writ of habeas corpus has been

---

        [1]  It is well-settled that Petitioner has no federal liberty interest guaranteeing that he
remain in a particular prison, or preventing his transfer to another correctional facility, either
within the same state or interstate. Olim v. Wakinekona, 461 U.S. 238, 247 (1983); Beshaw v.
Fenton, 635 F.2d 239 (3d Cir.1980), cert. denied, 453 U.S. 912 (1981).

1

decided by this Court.  Document # 7.  This Court will liberally construe[2] this motion as one seeking a preliminary injunction or temporary restraining order.

The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction.  Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986).  To obtain preliminary injunctive relief, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest.  Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990).  The preliminary injunction remedy "must be reserved for extraordinary circumstances...."  Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990).

If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted.  Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).  Irreparable injury is established by showing that a plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial."  Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm").  The plaintiff bears this burden of showing irreparable injury.  Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989).  In fact, a plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm.  ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.

---

[2]  *Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 - 521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).

1987).  The case law provides some assistance in determining that injury which is irreparable under this standard.  "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'."  Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted).  Additionally, "the claimed injury cannot merely be possible, speculative or remote."  Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995).  An injunction is not issued "simply to eliminate a possibility of a remote future injury...."  Acierno, 40 F.3d at 655 (citation omitted).

Petitioner has not alleged that the Bureau of Prisons intends to transfer him.  Petitioner's request for preliminary injunction is merely speculative.  In order to obtain injunctive relief, a petitioner must demonstrate that there is an irreparable injury that "is actual and imminent" not "remote or speculative."  Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 322 (2d Cir. 1995); see also ECRI, 809 F.2d 223.  Because Petitioner has not demonstrated that he will suffer irreparable harm[3] in the immediate future, the motion for injunctive relief should be denied.

### III.   CONCLUSION

Accordingly, it is respectfully recommended that Petitioner's "Motion prohibiting Bureau of Prisons from transferring him until final disposition of petition for writ of habeas corpus" [Document # 7] be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written

---

[3]  Petitioner argues that this Court should grant him injunctive relief because if he is transferred to another federal prison within another federal district he would be forced to re-file his habeas corpus petition in the district having jurisdiction over his new warden.  Petitioner is mistaken in this contention.  Petitioner's transfer to a prison within another district will not deprive this Court of jurisdiction over the pending petition.  Rumsfeld v. Padilla, 542 U.S. 426, 441 n. 14 (2004) explaining  Ex parte Endo, 323 U.S. 283 (1944) ("The objective of habeas relief may be in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court.").

objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: December 13, 2005

4